UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINSVILLE DIVISION

| | |
|---|---|
| ROBERT SLODYSKO JR., <br><br> Plaintiff, <br><br> v. <br><br> TRUIST FINANCIAL, CORP, TRANS UNION, LLC. EQUIFAX, INC. and EXPERIAN INFORMATION SOLUTIONS, INC. <br><br> Defendants. | Case No. |

## COMPLAINT

NOW COMES Plaintiff, ROBERT SLODYSKO JR. ("Plaintiff"), by and through his attorneys, hereby alleging the following against Defendants TRUIST FINANCIAL. ("TRUIST"), TRANS UNION, LLC., ("TRANS UNION"), EQUIFAX, INC. ("EQUIFAX") and EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN"), and (collectively referred to as "Defendants"):

**Nature of the Action**

1. This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

## Parties

2. Plaintiff is a natural person at all times relevant residing in Muscogee County, in the City of Columbus, in the State of Georgia.

3. At all times relevant, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681(a)(c).

4. Defendant, TRUIST, is a nationally chartered bank doing business in the State of Georgia, with its principal place of business located in Charlotte, North Carolina

5. Defendant TRUIST, is a "person" as defined by 47 U.S.C. §153 (39).

6. Defendant TRANS UNION is a corporation conducting business in the State of Georgia and is headquartered in Chicago, Illinois.

7. Defendant TRANS UNION is a "person" as that term is defined by a consumer reporting agency as that term is defined by 15 U.S.C. § 1681a(b).

8. Defendant TRANS UNION is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties, as defined in 15 U.S.C. §1681(d).

9. Defendant TRANS UNION is a "consumer reporting agency" ("CRA") as that term is described in 15 U.S.C. § 1681a(f).

10. Defendant EQUIFAX is a corporation conducting business in the State

of Georgia and is headquartered in Atlanta, Georgia.

11. Defendant EQUIFAX is a "person" as that term is defined by a consumer reporting agency as that term is defined by 15 U.S.C. § 1681a(b).

12. Defendant EQUIFAX is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties, as defined in 15 U.S.C. §1681(d).

13. Defendant EQUIFAX is a "consumer reporting agency" ("CRA") as that term is described in 15 U.S.C. § 1681a(f).

14. Defendant EXPERIAN is a corporation conducting business in the State of Georgia and is headquartered in Costa Mesa, California.

15. Defendant EXPERIAN is a "person" as that term is defined by a consumer reporting agency as that term is defined 15 U.S.C. § 1681a(b).

16. Defendant EXPERIAN is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties, as defined in 15 U.S.C. §1681(d).

17. Defendant EXPERIAN is a "consumer reporting agency" ("CRA") as that term is described in 15 U.S.C. § 1681a(f).

18. At all times relevant to this Complaint, Defendants acted through its

agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

19. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

20. Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

21. This Court has supplemental jurisdiction over the state claims as all claims arise from the same nucleus of facts.

## Factual Allegations

22. Plaintiff is a consumer who is the victim of inaccurate reporting by TRUIST, TRANS UNION, EQUIFAX and EXPERIAN regarding a credit account he had with TRUIST, settled with TRUIST, and paid to TRUIST.

23. CRAs, including TRANS UNION, EQUIFAX and EXPERIAN have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

24.     Further, both CRAs and Furnishers have a duty to conduct a reasonable investigation when notified of disputed information found in a consumer credit report.

25.     Here, Plaintiff is a victim of inaccurate reporting regarding an account he had with TRUIST, an inaccuracy found in credit reports published by the three CRA Defendants.

26.     The following is a description of the inaccuracy and failures of all Defendants to investigate and update their reporting of the account in question.

27.     On or about March 6, 2024, Plaintiff and TRUIST settled an account ending in 7400 (the "Account") for $2,300.00.

28.     Per the terms of the agreement, Plaintiff made a single payment of two thousand three hundred dollars ($2,300.00) on March 20, and thereby satisfied the terms of the settlement.

29.     On June 3, 2024, Plaintiff received a copy of his credit report from all three CRAs.

30.     To his surprise, despite Plaintiff's performance under the terms of the agreement, Defendant TRUIST reported inaccurate information regarding the Account to the CRAs, including both an inaccurate status of the Account as "Collection/Charge-off" and a balance of $3,401.00 shown as still owing to TRUIST.

31. Specifically, all three CRA Defendants reported the Account with a status of "Collection/Charge Off", a balance owed of $3,401.00 and failed to report the payment that was made to satisfy the Account.

32. The CRA Defendants' failure to report the Account correctly and failure to report the accurate status, accurate balance and failure to report the payment Plaintiff made on the Account harmed Plaintiff's credit score and would, at the least, mislead any third-party reviewing Plaintiff's credit history

33. On June 3, 2024, Plaintiff issued disputes by mail to all three CRA Defendants regarding the inaccurate information being reported on the Account.

34. In his dispute letters Plaintiff disputed the inaccurate entry in his credit report that the Account was in a "Collection/Charge Off" status and that any balance was owed on the Account. He also included proof of the agreement between him, and TRUIST and proof of the payment made in satisfaction of the agreement.

35. His dispute package was delivered on or about June 10, 2024.

36. Upon information and belief, each of the CRAs would have notified TRUIST of Plaintiff's disputes within five days of receiving Plaintiff's dispute.

37. Under its duties codified in the FCRA, TRUIST had twenty-five (25) days to investigate Plaintiff's disputes and correct the inaccurate information it was furnishing to the CRAs.

38. Further, upon information and belief, all three CRA Defendants would have sent the documentation Plaintiff included in his dispute letters to TRUIST, including the terms of the settlement and proof of payments.

39. Despite his very specific disputes and accompanying documents supporting his disputes, Plaintiff found the same inaccuracies from all three CRAs on an updated credit report he obtained on August 12, 2024.

40. At the time of the filing of this complaint, TRANS UNION, EQUIFAX and EXPERIAN continue to report the Account inaccurately as having a status of "Collection/Charge Off," having a balance owed and misreporting the payment made on the Account.

41. Upon information and belief, all three CRA Defendants continue to report this information because of (1) TRUIST's furnishing of inaccurate information regarding the Account to the three CRA Defendants and (2) all three CRA Defendants failed to conduct a reasonable investigation, including a failure to consider the documentation Plaintiff included in his dispute letters.

42. Additionally, upon information and belief, TRUIST failed to conduct a reasonable reinvestigation into the information it furnished to the CRA Defendants.

43. If TRUIST had complied with its duties to reinvestigate the Account when it received notice of the dispute, it would have conducted a reasonable reinvestigation and updated the information it was furnishing accordingly.

44. If all three CRAs would have complied with their statutory duties, inaccurate information concerning the Account would not have been reported despite notice from Plaintiff.

45. Further, after receiving Plaintiff's dispute concerning the inaccurate information of the Account, TRANS UNION, EQUIFAX and EXPERIAN are required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintained concerning Plaintiff.

46. As a result of this conduct, action and inaction of Defendants, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit along with mental and emotional distress.

47. Further, Plaintiff has been hesitant to apply for any new credit until these inaccuracies are resolved.

48. Because of his concern over the effects Defendants' misreporting has had on his credit, Plaintiff has been unable to apply for or obtain financing to purchase cars and a home, despite the fact that he has had the financial means to do both.

## COUNT I– TRUIST FINANCIAL.
## Violation of the Fair Credit Reporting Act
## 15 U.S.C. § 1681s-2(b)

49. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in Paragraphs 1-48.

50. After receiving Plaintiff's dispute regarding the Account, TRUIST failed to reasonably reinvestigate its reporting of the information regarding the Account on Plaintiff's consumer report.

51. TRUIST violated 15 U.S.C. §1681s-2(b) by failing to conduct a reasonable investigation with respect to the information disputed by Plaintiff, by failing to review all relevant information regarding Plaintiff's dispute, by failing to accurately report the results of the investigation to all three CRAs, and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of TRUIST's representations to the CRAs.

52. As a result of this conduct, action, and inaction of TRUIST, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

53. TRUIST's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

54. In the alternative, TRUIST was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

55. Plaintiff is entitled to recover costs and attorneys' fees from TRUIST, pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## COUNT II – TRANS UNION
## Violation of the Fair Credit Reporting Act
## 15 U.S.C. § 1681e(b)

56. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in Paragraphs 1-48.

57. After receiving Plaintiff's dispute regarding the Account, TRANS UNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

58. TRANS UNION violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that TRANS UNION published and maintained concerning Plaintiff.

59. As a result of this conduct, action and inaction of TRANS UNION, Plaintiff suffered damage and continues to suffer actual damages, including

economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

60. TRANS UNION's conduct, action, and inaction were willful, rendering Defendant TRANS UNION liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

61. In the alternative, TRANS UNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

62. Plaintiff is entitled to recover costs and attorneys' fees from TRANS UNION, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – TRANS UNION
## Violation of the Fair Credit Reporting Act
## 15 U.S.C. § 1681i

63. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in Paragraphs 1-48.

64. After receiving Plaintiff's dispute for the Account, TRANS UNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

65. Defendant TRANS UNION violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice

of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

66. As a result of this conduct, action and inaction of TRANS UNION, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

67. TRANS UNION's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

68. In the alternative, Defendant TRANS UNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

69. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TRANS UNION pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT IV – EQUIFAX
## Violation of the Fair Credit Reporting Act
## 15 U.S.C. § 1681e(b)

70. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth about in Paragraphs 1-48.

71. After receiving Plaintiff's dispute regarding the Account, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

72. EQUIFAX violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EQUIFAX published and maintained concerning Plaintiff.

73. As a result of this conduct, action and inaction of EQUIFAX, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

74. EQUIFAX's conduct, action, and inaction were willful, rendering Defendant EQUIFAX liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

75. In the alternative, EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

76. Plaintiff is entitled to recover costs and attorneys' fees from EQUIFAX, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT V – EQUIFAX
## Violation of the Fair Credit Reporting Act
## 15 U.S.C. § 1681i

77. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in Paragraphs 1-48.

78. After receiving Plaintiff's dispute for the Account, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

79. Defendant EQUIFAX violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

80. As a result of this conduct, action and inaction of EQUIFAX, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

81. EQUIFAX's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

82. In the alternative, Defendant EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

83. Plaintiff is entitled to recover costs and attorneys' fees from Defendant EQUIFAX pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT VI – EXPERIAN
## Violation of the Fair Credit Reporting Act
## 15 U.S.C. § 1681e(b)

84. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in Paragraphs 1-48.

85. After receiving Plaintiff's dispute regarding the Account, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

86. EXPERIAN violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EXPERIAN published and maintained concerning Plaintiff.

87. As a result of this conduct, action and inaction of EXPERIAN, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal

and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

88. EXPERIAN's conduct, action, and inaction were willful, rendering Defendant EXPERIAN liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

89. In the alternative, EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

90. Plaintiff is entitled to recover costs and attorneys' fees from EXPERIAN, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT VII – EXPERIAN
## Violation of the Fair Credit Reporting Act
## 15 U.S.C. § 1681i

91. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in Paragraphs 1-48.

92. After receiving Plaintiff's dispute for the Account, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

93. Defendant EXPERIAN violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to

maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

94. As a result of this conduct, action and inaction of EXPERIAN, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

95. EXPERIAN's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

96. In the alternative, Defendant EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

97. Plaintiff is entitled to recover costs and attorneys' fees from Defendant EXPERIAN pursuant to 15 U.S.C. §1681n and/or §1681o.

**Prayer For Relief**

WHEREFORE, Plaintiff respectfully requests judgment be entered against CRA Defendants for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation of the FCRA;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendants' willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

e) WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant TRUIST for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

f) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation of the FCRA;

g) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

h) Punitive damages and equitable relief including, but not limited to, enjoining Defendants from further violations of 15 U.S.C. § 1681 *et seq.*;

i) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); 15 U.S.C. 1692k. and;

j) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

                                              Respectfully submitted,

Dated:                  By:  *s/ Mark A. Carey*
                                     Law Offices Of Mark Carey, P.C.
                                     391 Perimeter Center North, Suite 275
                                     Dunwoody, GA 30346
                                     (716) 853-9243
                                     Email: *markcareylaw@ymail.com*
                                     Attorneys for Plaintiff,
                                     **ROBERT SLODYSKO JR.**